# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

JS-6

| Case No. | 5:24-cv-01844-SSS-AGRx | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Barry Manilow et al v. Hipgnosis SFH I Limited* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS FOR *FORUM NON CONVENIENS* [DKT. 40]**

Before the Court is Defendant's Corrected Motion to Dismiss Complaint ("Motion") filed on April 21, 2025. [Dkt. 40]. In the Motion, Defendant requests dismissal of Plaintiff's Complaint pursuant to *forum non conveniens* or, in the alternative, on the basis of international comity. [Motion at 5–18]. The Motion is fully briefed and ripe for review. [Dkt. 40-3 "Decl."; Dkt. 42 "Opp."; Dkt. 43 "Reply"; Dkt. 44 "Hearing"]. For the reasons stated below, Defendant's Motion is **GRANTED**.

**I.   FACTUAL AND LEGAL BACKGROUND**

This dispute arises from a contract between singer-songwriter Barry Manilow along with his production company Hastings, Clayton, Tucker, Inc, d/b/a Stiletto Entertainment ("Plaintiffs" or "Manilow") and English music management company Hipgnosis SFH I Limited ("Defendant" or "Hipgnosis"), headquartered in the United Kingdom. [Dkt. 1 ¶¶ 1–5, 8, 12–57, "Complaint"]. Plaintiffs filed this action against Defendant on August 28, 2024. [Dkt. 1]. Plaintiffs requested actual and compensatory damages, declaratory relief on Plaintiffs' satisfaction of contractual conditions, and costs concerning the first claim of breach of contract,

the second claim of fraud and fraudulent misrepresentation, and the third claim of negligent misrepresentation.  [Complaint ¶¶ 32–54, 56–57].

Plaintiff Manilow, a citizen of California, and his Nevada-based production company Stiletto entered into a Music Catalogue Acquisition Agreement (the "MCAA") with Defendant on March 20, 2020.  [Dkt. 1 ¶¶ 6–7, 17].  The MCAA, which contemplated Hipgnosis's purchase of Manilow's artist royalties over a four-year period, outlined an upfront one-time payment of $7,500,000 and two additional payments of $750,000 ("additional Purchase Price payments") should the income received by Defendant exceed certain benchmarks on an annual basis.  [*Id.* at ¶¶ 1, 3, 21–23].

In filing this suit, Plaintiffs allege they are entitled to the additional Purchase Price payments.  [*Id.* at ¶ 4].  Defendant maintains that the income from the MCAA failed to meet the benchmarks required for the additional Purchase Price Payments.  [Dkt. 40 at 4].  Defendant further alleges Plaintiffs breached the MCAA after failing and refusing to pay royalties from the catalogue beginning in the third year of the MCAA.  [*Id.*].  Defendant's breach of contract claim is not part of this suit, but part of a lawsuit filed in the High Court of Justice, Business and Property Courts of England and Wales (the "English action").  [*Id.* at 5].  The English action is currently pending.  [*Id.*].

Defendant primarily argues the MCAA's mandatory forum selection and choice-of-law clause, which specifies English courts as having exclusive jurisdiction and as governing all claims arising out of the contract, warrants dismissal under *forum non conveniens*.  [*Id.* at 5–8].  Plaintiffs counter that its filing suit in this Court does not violate the MCAA's forum selection clause.  [Opp. at 7].  Plaintiffs point to the permissive nature of the MCAA's forum selection clause, which allows Plaintiffs to bring suit against Defendant in the courts of Los Angeles, California or New York City, New York in connection with claims related to the Purchase Price.  [Opp. at 8].  The Complaint names four causes of action: (1) breach of contract; (2) fraud and fraudulent misrepresentation; (3) negligent misrepresentation; and (4) declaratory relief.  [*See generally* Complaint].  The parties dispute whether each of these claims relate to the Purchase Price.  [Motion at 7–8;  Opp. at 8].

Additionally, Defendant notes *forum non conveniens* factors favor litigating this action in England.  [Motion at 8–14].  Defendant asserts critical witnesses are in England and litigating the action in England will be less costly in avoiding travel to this forum.  [*Id.* at 10].  Plaintiffs claim California's interest in protecting its

citizens and this Court's familiarity with English law justifies maintaining this action. [Opp. at 9–11].

## II.  LEGAL STANDARD

The doctrine of *forum non conveniens* allows a court to dismiss a case where litigation would be more convenient in an alternate forum. *Cooper v. Tokyo Elec. Power Co.*, 860 F.3d 1193 (9th Cir. 2011) (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001)). Dismissal is proper "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429, (2007) (internal quotations omitted).

Under *forum non conveniens* a defendant has the burden to "demonstrat[e] an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011); *see also Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). An alternative forum usually exists when a defendant is amenable to service of process. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981); *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990). In rare cases service alone is insufficient where alternative fora do not allow litigation for the subject matter of a dispute. *Piper*, 454 U.S. at 254 n.22. Private interest factors include:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Cooper v. Tokyo Elec. Power Co.*, 860 F.3d 1193, 1222 (9th Cir. 2011) (quoting *Carijano*, 643 F.3d at 1229). The public interest factors include "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Carijano*, 643 F.3d at 1232.

In the Ninth Circuit, courts shall not give weight to the possibility that a plaintiff's home state offers less favorable substantive law in a *forum non*

*conveniens* analysis. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). A domestic plaintiff's choice of forum is afforded deference, but a non-domestic plaintiff's choice of forum is afforded less—which is "not the same thing as no deference." *Id.* at 514.

## III. DISCUSSION

Defendant argues that English courts are not only more convenient for this litigation under the doctrine of *forum non conveniens*, but also required to hear this suit under the MCAA's mandatory forum-selection clause. [Motion at 5–6. 8]. Plaintiffs contend the forum-selection clause is permissive and that no exceptional circumstances justify dismissal under *forum non conveniens*. [Opp. at 6–9]. For the reasons stated below, Defendant's Motion is **GRANTED**.

### A. *Forum Non Conveniens*

In addition to the parties' choice of English courts in the MCAA's forum-selection clause, Defendant asserts England offers an adequate alternative forum, and that both public and private factors weigh in favor of dismissal. [Motion at 8–13]. Plaintiffs argue *forum non conveniens* does not apply as this instant suit was filed in a location pursuant to a valid forum selection clause. [Opp. at 6–9]. Plaintiffs also raise public interest factors weighing against dismissal. [*Id.* at 9–11].

#### 1. <u>Validity of Forum-Selection Clause</u>

Plaintiffs rely on *Atlantic Marine* to suggest that a valid forum-selection clause narrows the analysis for *forum non conveniens*. [Opp. at 9, citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 51 (2013)]. Plaintiffs correctly cite *Atlantic Marine*, which establishes that an agreed-upon forum-selection clause "waive[s] the [parties'] right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64.[1] However, the forum-

---

[1] Although the cited portion of *Atlantic Marine*'s discussion applies § 1404(a), which has no application to cases calling for a nonfederal forum, the case clarifies "the residual doctrine of *forum non conveniens* 'has continuing application in federal courts,'" and "[does] not change 'the relevant factors' to consider." 571 U.S. at 60–61 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

selection clause in *Atlantic Marine* specifies only one state in which suits could be brought. [*See id.* at 67]. The MCAA's forum-selection clause states the following:

> Each party irrevocably submits for all purposes of this Agreement (including any such dispute or claim) to the exclusive jurisdiction of the English courts. Any judgment obtained in the English courts may be enforced in any other jurisdiction. Notwithstanding the foregoing, any claims made by BM against Hipgnosis related to the Purchase Price may be brought by BM in the courts of Los Angeles, California or New York City, New York and solely in connection with such claims, Hipgnosis hereby agrees to submit to the jurisdiction of the courts located in Los Angeles, California and New York City, New York.

[Decl. at Ex. A at 22].

The forum-selection clause thus contemplates English courts for any disputes or claims regarding the MCAA, with a permissive carve-out for claims made by Plaintiffs relating to the Purchase Price to be filed in certain courts in California and New York. Given the parties' selection of *both* fora in the MCAA, the traditional *forum non conveniens* test should determine whether dismissal is appropriate. *See Lavera Skin Care N. Am., Inc. v. Laverana GMBH & Co. KG*, 696 F. App'x 837 (9th Cir. 2017) (considering the traditional *forum non conveniens* test where the forum-selection clause may be permissive).

### 2. Adequacy of Forum

Defendant argues England is an adequate forum evidenced by Plaintiffs' ongoing use of English courts and the MCAA's choice of law provision specifies the application of English law. [Motion at 9–14; Reply at 7–8]. Plaintiffs counter that Defendant submitted to the jurisdiction of courts in California and that public interest factors do not weigh in favor of dismissal. [Opp. at 7–12].

The Court finds that the English court offers an adequate alternative forum. Hipgnosis is presently litigating its action arising out of the MCAA in England, indicating Plaintiffs are subject to service of process therein. [Motion at 9; Opp. at 5]. Defendant additionally notes that the Ninth Circuit has often found English courts has an adequate alternative forum. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294–95 (9th Cir. 1998); *British Midland Airways Ltd. v. International Travel, Inc.*, 497 F.2d 869, 871 (9th Cir.1974). Defendant acknowledges that Plaintiffs may seek redress for each of its claims in England, making it a forum to provide adequate remedy. [Motion at 9–10]. Plaintiffs do not appear to contest the

adequacy of the English courts' ability to provide an adequate remedy, instead reiterating California's interest in protecting its residents. [Opp. at 11]. Defendant has therefore carried its burden to establish the existence of an adequate alternative forum in England.

### 3. Private Interest Factors

Defendant argues the first three factors weigh heavily in favor of England's status as the most convenient forum. Defendant and its key former personnel relevant to this case are located in England. [Motion at 10]. Defendant asserts that much of the key physical evidence in this case would be located in the United Kingdom. [*Id.* at 11]. Defendant also

Plaintiffs fail to identify private interest factors weighing against dismissal beyond their domicile in California. [Opp. at 14]. Instead, Plaintiffs argue primarily that public interest factors do not weigh in favor of dismissal. [Opp. at 9–11].

The Court finds the present private interest factors weigh in favor of dismissal for three reasons. First, the Court notes that the majority of the material witnesses and entities are located in England indicating that English courts offer a more convenient forum. The Court acknowledges that prosecuting this case in California may be more convenient for Plaintiffs; however, the Court cannot ignore Plaintiffs' claims implicating former and current Hipgnosis personnel, all of which are located in England. [Motion at 10–11].

Second, the Court notes that the materiality of witnesses is relevant to a *forum non conveniens* analysis. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir. 1984). Defendant suggests the centrality of former Hipgnosis personnel, located in the United Kingdom, to Plaintiffs' claims. [Reply at 10; Complaint at ¶¶ 15, 30]. Defendant also asserts current Hipgnosis personnel are located in England. [Motion at 11].

Third, the Court agrees Plaintiffs' domicile in California is an important factor to consider, but Plaintiffs' contention Defendant intentionally reached out to this forum and negotiated the MCAA in California is vague and unspecific. [Opp. at 14]. Plaintiffs' reasoning cuts both ways; in agreeing to a forum-selection clause that expressly consented to the jurisdiction of English courts in a broader manner than that of California courts, Plaintiffs have also availed themselves of

English-based remedies. Therefore, the Court finds that the private interest factors, overall, favor dismissal for *forum non conveniens*.

### 4. Public Interest Factors

Defendant asserts that public interest factors weigh in favor of dismissal. [Motion at 14]. As Defendant indicates, the MCAA contains a choice-of-law provision specifying the application of English law. "[T]he need to apply foreign law strongly favors dismissal based on *forum non conveniens*." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 665 (9th Cir. 2009). Defendant also cites the burden this case would have on judicial economy, as well as the additional burden on jurors. [*Id.* at 13]. Plaintiffs contend the public interest factors favor denying the Motion because Defendant does not cite evidence of court congestion and California residents have an interest in the actions of companies incorporated in their state. [Opp. at 15].

The public interest factors weigh heavily in favor of dismissal under *forum non conveniens*. First, Defendant correctly notes that requiring a U.S. court to interpret foreign law favors dismissal. [Motion at 14]. *See also Loya*, 583 F.3d at 665. Both parties agree this case will require the Court to interpret English law. [Motion at 10; Opp. at 16]. This fact, alone, creates a strong inclination to grant dismissal. Second, while California has an interest in protecting the contractual rights and expectations of its citizens, Defendants correctly identify that this suit concerns an English contract to be interpreted under English law. [Opp. at 9–10; Motion at 13]. The MCAA's choice-of-law and forum-selection clauses appear to advance England's interest over California's. Finally, Plaintiff's argument refuting Defendant's claim of court congestion for lack of evidence of such congestion is unavailing. Federal district courts are generally overburdened[2] and, as such, it is in the public interest to prevent court congestion by transferring cases to a more convenient forum when possible and practicable. As such, the Court finds the public interest factors favor granting the request to dismiss for *forum non conveniens*.

---

[2] *See* Federal Judicial Caseload Statistics 2024, United States Courts, https://www.uscourts.gov/data-news/reports/statistical-reports/federal-judicial-caseload-statistics/federal-judicial-caseload-statistics-2024 (showing combined filings in district courts for civil and criminal cases increased by 17% in 2024).

5. Other Factors

Courts shall not give weight to instances where a plaintiff's home state offers less favorable substantive law in a *forum non conveniens* analysis. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Plaintiffs have availed themselves of English courts *via* the MCAA's forum-selection clause. [Decl. at Ex. A at 22]. Although English courts may not support identical causes of action filed in this action by Plaintiffs, Defendants have identified analogous remedies making England an adequate forum. [Motion at 9–10].

Defendant has established that England is an adequate alternate forum. Both private interest and public interest factors weigh in favor of dismissal under *forum non conveniens*. For the foregoing reasons the Court **GRANTS** Defendant's motion to dismiss.

### B. Motion to Dismiss Under International Comity

Because Defendant has met the burden for dismissal under *forum non conveniens*, the Court declines to evaluate the request to dismiss under grounds of international comity.

## IV. CONCLUSION

The Court finds that Defendant met its burden to establish England is an adequate alternate forum and both private interest and public interest factors weigh in favor of dismissal. Accordingly, Defendant's Motion is **GRANTED**. [Dkt. 40].

The Clerk is ordered to close the case.

**IT IS SO ORDERED.**